THOMAS A. CIFARELLI, State Bar No. 161815
**THE CIFARELLI LAW FIRM**
7700 Irvine Center Drive, Suite 150
Irvine, CA 92618
Telephone: (949) 502-8600
Facsimile: (949) 502-8603

J NILEY DORIT, State Bar No. 95414
**DORIT LAW FIRM**
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 956-2757
Fax: (415) 433-3308

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| J.G.[1], a minor, by and through her guardian ad litem Elva A., | Case No.:<br>Judge:<br>Department: |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | **1. NEGLIGENCE** |
| UNITED STATES OF AMERICA; LA CLINICA DE LA RAZA, INC., and DOES 1-100, Inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

---

[1] Due to the nature of the allegations contained herein, Plaintiff, as a minor victim of sexual assault and abuse, is identified using a pseudonym in order to preserve their confidentiality and privacy pursuant to FRCP 5.2.

COMPLAINT - 1

Plaintiff J.G. (hereinafter referred to as "Plaintiff" or "J.G.") hereby complains and alleges against Defendants, UNITED STATES OF AMERICA , LA CLINICA DE LA RAZA, INC., and DOES 1-100, inclusive, as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 1402(b), 2401(b) and 2671-2680, et seq., which Act provides this Court with exclusive jurisdiction in this matter.

2. Pursuant to the provisions of the Federal Tort Claims Act and prior to the commencement of this action, Plaintiff J.G. presented an administrative claim for damages to the Department of Health & Human Services, in Washington, D.C., relating to the events and circumstances complained of herein. Said claim was timely presented on or about February 8, 2018.

3. The Department of Health & Human Services has neither denied nor accepted Plaintiff J.G.'s claim as of the date of the filing of this Complaint. Plaintiff J.G. has therefore exhausted her administrative remedies as of the date of the filing of this Complaint.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district at LA CLINICA's Monument Dental Office, located at 2000 Sierra Road, in Concord.

## GENERAL ALLEGATIONS

5. Plaintiff J.G. is an eight-year-old female, identified only by her initials due to the sensitive nature of her claims in this lawsuit. J.G. was sexually molested by ALEJANDRO SARO ("SARO"), a dental assistant employed by Defendant LA CLINICA DE LA RAZA, INC. ("LA CLINICA") at LA CLINICA's Monument dental office. SARO sexually molested Plaintiff on multiple occasions between approximately September 1, 2015 and through and to March 25,

2016 when Plaintiff sought dental care at LA CLINICA. SARO also took sexually explicit photographs and/or video of the minor Plaintiff during her dental appointments at LA CLINICA.

6. SARO is the subject of numerous criminal charges arising from his molestation of Plaintiff J.G. and several other children at LA CLINICA. Plaintiff is informed and believes that SARO also sexually abused, and took explicit photographs and/or video of, numerous other minor children who were patients at LA CLINICA, while SARO was employed by LA CLINICA between approximately March 1, 2015 through and to March 25, 2016.

7. Plaintiff is informed and believes, and thereon alleges, SARO and DOES 51-100 (hereinafter collectively "SARO") was an employee and/or agent of LA CLINICA between approximately March 2015 and April 2016.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of DOES, or the negligent acts implicating said DOES, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that each Defendant fictitiously named herein as a DOE is legally responsible for the negligence, or in some other manner for legally causing the injuries and damages to Plaintiff as hereinafter alleged including, but not limited to, tortious liability based upon the law of negligence, products liability, premises liability, volunteer liability, vicarious liability, governmental liability, and any other statutory and common law tort liability laws giving rise to third party standing on the part of the Plaintiff. Plaintiff will seek leave of the court to amend this complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, each of the Defendants was the agent and employee of Defendant UNITED STATES

OF AMERICA ("U.S.A."), was a partner or joint venturer with Defendant U.S.A., and in doing the things alleged in this Complaint, was acting within the course and scope of this agency and employment, and each Defendant has ratified and approved the acts of one another.

10. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was the successor in interest to each of the remaining Defendants, and on that basis is liable for any act, omission or other conduct of the Defendants alleged in this complaint.

## RELEVANT FACTS

### (AS TO ALL DEFENDANTS AND ALL CAUSES OF ACTION)

11. On or about March 25, 2016, Plaintiff J.G. went to LA CLINICA's "La Clinica Monument" to obtain dental care and treatment, including, but not limited to, the removal of a molar tooth. Plaintiff's mother and younger siblings remained in the waiting area while Plaintiff was taken to a private room for treatment.

12. While Plaintiff was in the private room receiving treatment, SARO, a dental assistant at LA CLINICA, sexually molested Plaintiff through actions including, but not limited to, lifting Plaintiff's clothing to touch her genitals and taking unauthorized and inappropriate photographs and/or video of Plaintiff's genital area.

13. J.G. was extremely upset, shocked, and confused due to SARO's sexual assault, misconduct and invasion of privacy. J.G. later informed her mother that SARO had sexually abused her during the visit on or about March 25, 2016. J.G. also informed her mother that SARO had previously sexually abused her on at least one earlier occasion when she had visited LA CLINICA's La Clinica Monument office for dental care between approximately September 2015 and March 25, 2016.

14. J.G.'s mother reported SARO's sexual abuse and misconduct to law enforcement officers, who investigated SARO's sexual molestation of J.G. Plaintiff is informed that law enforcement investigated and found that SARO was in possession of numerous sexually explicit photographs and/or videos of other minors which were apparently taken in the course of regular employment while SARO was a dental assistant with LA CLINICA. At all times and places mentioned herein, SARO and DOES 1-50 were the agents and employees of each of the remaining Defendants, and were at all times acting within the scope of said agency and employment.

15. Plaintiff is informed that the Contra Costa District Attorney's Office has filed criminal charges against SARO based on his sexual abuse and explicit photography of Plaintiff and other minor patients at LA CLINICA.

16. Defendant LA CLINICA knew or should have known that Defendant SARO had a history of engaging in inappropriate conduct with patients at LA CLINICA and/or at other, prior dental offices before the Plaintiff was victimized in this case. Such prior inappropriate conduct includes, without limitation, the inappropriate touching of patients and the taking of inappropriate, unauthorized and invasive photographs of patients, thereby invading their privacy.

17. Plaintiff alleges on information and belief that LA CLINICA knew or should have known that SARO was unfit to hold a position of power over LA CLINICA patients and/or posed a danger to minor patients such as J.G. However, LA CLINICA failed to supervise SARO appropriately, given his dangerous propensity of misconduct toward patients. Further, LA CLINICA failed to remove SARO from his position, and continued to allow him unsupervised access to vulnerable patients during dental care despite his unfitness for the position.

18. As a direct and proximate result of the tortious misconduct of Defendants, J.G. was sexually molested between approximately September 2015 and March 2016. As a direct and proximate result of the assault, J.G. suffered and continues to suffer from personal injuries including but not limited to emotional distress and severe mental pain and suffering.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE
## (AGAINST U.S.A., LA CLINICA, AND DOES 1-50, INCLUSIVE)

19. Plaintiff incorporates herein all previous paragraphs by this reference as though set forth in full herein.

20. Plaintiff alleges that at all relevant times LA CLINICA owed a duty to provide a safe environment within the premises of its facilities. Further, Defendants owed J.G. a duty to use reasonable care in safeguarding her while she was undergoing testing and treatment at LA CLINICA. Such duty was heightened because J.G. was a minor who was in a vulnerable state while undergoing dental treatment at LA CLINICA.

21. Prior to hiring and/or contracting with SARO to work at LA CLINICA and putting him in a position where he would be alone with vulnerable patients in a vulnerable state, LA CLINICA failed to screen, investigate, inquire, research or perform an adequate background check on SARO, including, but not limited to, its failure to make inquiries of SARO's prior employers as to his previous history of misconduct. Had LA CLINICA conducted an appropriate investigation, it would have discovered that SARO was unfit to work with vulnerable patients at LA CLINICA.

22. After hiring and/or contracting with SARO, LA CLINICA allowed SARO to be alone with minor patients without adequate supervision, knowing that SARO would have access to patients such as minor patients in a vulnerable state.

23. Plaintiff alleges on information and belief that SARO had a history of inappropriate conduct prior to his employment at LA CLINICA. LA CLINICA would have discovered this information if LA CLINICA had inquired, researched, or conducted an adequate background investigation regarding SARO before hiring him.

24. LA CLINICA had a duty to exercise due care in the supervision of each of its employees and/or contractors, including SARO, in order to ensure the safety of LA CLINICA patients.

25. LA CLINICA had a duty to exercise due care in monitoring its patients while they were in a vulnerable state during dental treatment to ensure the safety of patients including J.G.

26. LA CLINICA knew or should have known that SARO was unfit to be an employee of LA CLINICA who is entrusted with the care of vulnerable minor patients undergoing dental treatment. LA CLINICA knew or should have known that SARO posed an unreasonable danger of harming LA CLINICA patients.

27. LA CLINICA failed to adequately monitor and protect its patients, including J.G., during dental treatment, in order to ensure the safety of patients in a vulnerable state.

28. Plaintiff alleges LA CLINICA failed to adequately supervise SARO in order to ensure that SARO was not able to sexually molest and abuse patients including J.G.

29. Plaintiff further alleges that Defendants breached their duty of providing a reasonably safe environment to J.G. If Defendants would have taken reasonable steps to properly screen, credential, hire, retain, and supervise SARO, Defendants could have prevented the sexual molestation of Plaintiff.

30. Said breaches of reasonable care were the actual, proximate, and legal cause of SARO's tortious conduct including, but not limited to sexual assault and battery of J.G., in that SARO was placed in a position of access to vulnerable patients without adequate supervision, and only

by being placed in such a position, was he able to perpetrate his tortious and criminal misconduct including, but not limited to his sexual assault and battery upon J.G.

31. As a result of LA CLINICA's negligent hiring, negligent retention and negligent supervision of SARO, J.G. was placed in a position of being sexually fondled, molested, harassed, assaulted and battered by SARO while she was a patient receiving dental treatment at LA CLINICA.

32. As a direct and legal result of the acts and omissions of the Defendants, Plaintiff was rendered sick, emotionally disabled and disordered, and suffered among other things, numerous emotional injuries, including but not limited to severe fright, shock, pain, discomfort, and anxiety.

33. As a further legal result of the acts and omissions of Defendants, Plaintiff has been forced to incur expenses for medical care during the period of Plaintiff's disability and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature.

34. As a further direct and legal result of the acts and conduct of Defendants, Plaintiff suffered and will suffer permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety in an amount within the jurisdiction of this court.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as set forth below:

1. For general damages in the amount of $10,000,000;

2. For special damages according to proof at trial and believed to be in the amount of $90,000;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

DATE: February 5, 2019

THE CIFARELLI LAW FIRM

By: _____
THOMAS A. CIFARELLI
Attorney for Plaintiff