IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. G.,<br>    Plaintiff,<br>    v.<br>UNITED STATES OF AMERICA, et al.,<br>    Defendants. | Case No. 19-cv-00623-MMC<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 27 |

Before the Court is defendant United States' Motion to Dismiss, filed May 22, 2019, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff J.G. has filed opposition, to which the United States has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

On March 25, 2016, J.G., "an eight-year-old female," went to a dental clinic operated by La Clinica De La Raza ("La Clinica") "to obtain dental care and treatment." (See Compl. ¶¶ 5, 11.) According to J.G., while she was receiving treatment, she was "sexually molested" by Alejandro Saro ("Saro"), a dental assistant employed by La Clinica. (See id. ¶ 12.) J.G. alleges that, at some point in time after the above-referenced appointment, she "informed her mother that Saro had sexually abused her during the visit on . . . March 25, 2016," and that "Saro had previously sexually abused her on at least one earlier occasion" during another dental appointment that took place "between approximately September 2015 and March 25, 2016." (See id. ¶ 13.)

---

[1] By order filed July 5, 2019, the Court took the motion under submission.

Based on the above, J.G. asserts a single claim of negligence against La Clinica and the United States pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b); 28 U.S.C. §§ 2671-2680 ("First Claim for Relief"). Specifically, J.G. alleges, La Clinica is an "agent and employee" of the United States (see Compl. ¶ 9), and that, "[a]s a result of La Clinica's negligent hiring, negligent retention and negligent supervision of Saro, J.G. was placed in a position of being sexually . . . assaulted . . . by Saro while she was a patient receiving dental treatment at La Clinica." (See id. ¶ 31.)

**LEGAL STANDARD**

A motion to dismiss for lack of subject matter jurisdiction, unlike a motion for failure to state a claim under Rule 12(b)(6), "may be made as a speaking motion attacking the existence of subject matter jurisdiction without converting the motion into a motion for summary judgment." See Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (internal quotation and citation omitted). In analyzing a motion to dismiss for lack of subject matter jurisdiction, the district court assumes as true the factual allegations in the complaint, see Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1997), other than factual allegations that bear on jurisdiction, to which "no presumptive truthfulness attaches," see Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (internal quotation and citation omitted). With respect to jurisdictional facts, the district court is "ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." See id.

**DISCUSSION**

As noted, J.G. asserts against the United States and La Clinica, pursuant to the FTCA, a single claim of negligence, predicated on theories of negligent hiring, retention, and supervision.

By the instant motion, the United States first moves for dismissal of La Clinica, pursuant to 42 U.S.C. § 233. In support thereof, the United States has submitted unchallenged evidence demonstrating: (1) during the relevant time period, La Clinica was deemed an employee of the federal Public Health Service ("PHS") pursuant to 42

1  U.S.C. § 233(g) (see Decl. of Frances M. Reico, Ex. B); and (2) the United States
2  Attorney has certified La Clinica "was acting within the scope of its deemed employment
3  as an employee of the PHS during the timeframe of events giving rise to the First Claim
4  for Relief in the Complaint" (see Certification ¶ 2). Under such circumstances, to the
5  extent the First Claim for Relief is asserted against La Clinica, said claim is barred by 42
6  U.S.C. §§ 233(a) and (g), and thus is subject to dismissal. See 42 U.S.C. § 233(a)
7  (providing "[t]he remedy against the United States provided by [FTCA]" for injuries
8  resulting from dental functions performed by PHS employees "acting within the scope of
9  their employment, shall be exclusive of any other civil action or proceeding by reason of
10 the same subject-matter against . . . the employee . . . whose act gave rise to the claim");
11 see also id. § 233(g) (providing § 233(a) applies to entities deemed to be PHS
12 employees).

Next, the United States seeks an order dismissing the Complaint, as brought against the United States, for lack of subject matter jurisdiction. In particular, the United States contends the Complaint is subject to dismissal because the sole claim asserted therein "is barred by the discretionary function exception to the FTCA." (See Mot. at 5:19-20.)

The FTCA was "enacted to waive the Government's sovereign immunity" under limited circumstances. See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983). Specifically, under the FTCA, the United States may be sued for claims alleging, inter alia, "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1); see also United States v. Orleans, 425 U.S. 807, 813 (1976) (referring to FTCA as "a limited waiver of sovereign immunity").

The waiver set forth in the FTCA is, however, subject to exceptions, one of which being the "discretionary function exception." See Berkovitz v. United States, 486 U.S.

3

531, 535-36 (1988). Under such exception, the FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a).

Where a claim falls within the discretionary function exception, "federal courts lack subject matter jurisdiction to hear [the] claim," see Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000), and, in determining whether the discretionary function exception bars a claim, courts apply a "two-part test," see Gonzalez v. United States, 814 F.3d 1022, 1027 (9th Cir. 2016).

First, "a court must . . . consider whether the [challenged] action is a matter of choice for the acting employee." See Berkovitz, 486 U.S. at 536. "This inquiry is mandated by the language of the exception; conduct cannot be discretionary unless it involves an element of judgment or choice." Id. Thus, where a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, . . . there is no discretion in the conduct for the discretionary function exception to protect," as "the employee has no rightful option but to adhere to the directive." See id.

Second, "assuming the challenged conduct involves an element of judgment, a court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." See id. "The focus of [the second step] is not on the agent's subjective intent in exercising [his or her] discretion . . . , but on the nature of the actions taken and whether they are susceptible to policy analysis." See United States v. Gaubert, 499 U.S. 315, 325 (1991).

Although the United States bears the "ultimate burden of proving" the discretionary function exception applies, "a plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." See Prescott v. United States, 973 F.2d 696, 702 n. 4 (9th Cir. 1992).

Here, the United States contends J.G. has failed to "make out a claim that is facially outside the discretionary function exception." (See Mot. at 7:11-15 (internal

4

quotation and citation omitted).) For the reasons set forth below, the Court agrees.

At the outset, the Court finds the allegations in the Complaint do not support J.G.'s contention that "La Clinica did not have discretionary decision [sic] in how they trained and supervised Saro" (see Opp. at 7:2-4). Specifically, as the United States points out, J.G.'s allegations do not support a finding that, due to any federal statute, regulation, or policy, La Clinica is required to follow a "specifically prescribe[d] course of action" in making decisions with respect to the hiring, supervision, or retention of its employees. See Berkovitz, 486 U.S. at 536; see also Lu v. Powell, 621 F.3d 944, 950 (9th Cir. 2010) (affirming dismissal of negligent supervision claim based on supervisor's failure to discipline defendant for violating regulation, where "plaintiffs ha[d] not identified any mandatory duty to discipline"). To the extent J.G. contends La Clinica lacked discretion in making such decisions because "[t]he duties of a dental assistant are outlined in California Business and Profession[s] Code, Section 1750.1" (see Opp. at 4:17-18), such argument fails, as "[s]tate law cannot override the FTCA's grant of immunity for discretionary conduct." See Carroll v. United States, 661 F.3d 87, 101 (1st Cir. 2011); see also Sydnes v. United States, 523 F.3d 1179, 1184 (10th Cir. 2008) (holding "[t]o overcome the discretionary function exception . . . , plaintiffs must show that the federal employee's discretion was limited by a federal statute, regulation, or policy," as "states can't waive the federal government's immunity" (emphasis in original) (internal quotation and citation omitted)).

Next, the Court finds J.G.'s claim is predicated on employment decisions that are "of the kind that the discretionary function exception was designed to shield," see Berkovitz, 486 U.S. at 536, as the Ninth Circuit "ha[s] held the hiring, supervision, and training of employees to be discretionary acts" that involve "the type of discretionary judgments [the discretionary function exception] was designed to protect," see Doe v. Holy See, 557 F.3d 1066, 1084 (9th Cir. 2009); see also Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000) (noting Ninth Circuit "ha[s] held that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type

5

Congress intended the discretionary function exception to shield").

Accordingly, the sole claim asserted in the Complaint is subject to dismissal for lack of subject matter jurisdiction, as said claim falls within the discretionary function exception to the FTCA. Further, because "the bar of sovereign immunity is absolute," and plaintiff has not explained in her Opposition how she would be able to "redraft [her] claims to avoid the [discretionary function] exception[] to the FTCA," see Frigard v. United States, 862 F. 2d 201, 204 (9th Cir. 1988), the Court finds leave to amend would be futile.

**CONCLUSION**

For the reasons stated above, the United States' Motion to Dismiss is hereby GRANTED and the Complaint is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: August 5, 2019

MAXINE M. CHESNEY
United States District Judge